FILED
2020 May-04 PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES HOLIFIELD,** | } |
| **Plaintiff,** | } } |
| v. | } } Case No.: **2:19-CV-1041-RDP** |
| **CITY OF MIDFIELD,** | } } |
| **Defendant.** | } } |

## MEMORANDUM OPINION

This case is before the court *sua sponte*. After careful consideration, and for the reasons discussed below, the court concludes that this case is due to be remanded to the Circuit Court of Jefferson County, Alabama – Bessemer Division.

**I.    Background and Procedural History**

This case was filed in the Circuit Court of Jefferson County. Plaintiff's complaint contained various state law causes of action. Defendant also interpreted the original complaint to contain a claim under 42 U.S.C. § 1983. Therefore, Defendant removed this action on July 3, 2019, asserting that this court has federal question jurisdiction over Plaintiff's claims. (Doc. # 1 at 1).

Plaintiff promptly filed a Motion to Remand (Doc. # 4). But, Count IV of Plaintiff's Complaint alleged:

> 12. Defendants [sic] violated rights secured to the Plaintiff by the Fourth Amendment of the U.S. Constitution … .
>
> …
>
> 14. By and through State Action and Constitutional inadequate process, the Plaintiff was deprived of his dwelling by Defendants [sic] unlawful demolition of said property.

>15. The Plaintiff has been deprived of due process guaranteed to him under the U.S. and State Constitution and thereby suffered the loss of property, as referred to above, without due process.

(Doc. # 1-1 at ¶¶ 12, 14, 15). By claiming that Defendant's actions violated the United States Constitution on the face of his Complaint, Plaintiff raised questions that are distinctly federal. Accordingly, the court denied Plaintiff's Motion to Remand, concluding that it had federal question jurisdiction over the removed action. (Doc. # 7).

Plaintiff has subsequently filed several amended complaints. (Docs. # 13, 18, 23). The most recent (and operative) Complaint (Doc. # 23) seemingly contains four counts, all of which sound in tort under Alabama law.[1]

**II.   Analysis**

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). According to 28 U.S.C. § 1367 "the district courts shall have supplemental jurisdiction over all [state law] claims that are so related to [federal] claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district courts may decline to exercise supplemental jurisdiction over a claim [ ] [ ] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

---

[1] Despite *three* opportunities to amend his complaint, the court notes that Plaintiff's Complaint is still an impermissible "shotgun pleading" and fails to satisfy federal pleading standards. (Docs. # 13, 18, 23); *see*, *e.g.*, Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's complaint appears to allege negligence and trespass, but the court cannot discern the remaining counts. (Doc. # 23 at 4-6). The court will leave this issue for the state court to address.

The decision to exercise supplemental jurisdiction over pendant state claims is within the discretion of the district court. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). But, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Id.* (citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

In this case, Plaintiff's operative complaint relies solely on state law. (*See* Doc. # 23). Although Plaintiff's complaint at the time of removal alleged a violation of rights secured by the United States Constitution, Plaintiff's first, second, and third amended complaints contain only state law causes of action. (Docs. # 13, 18, 23). It appears that Plaintiff has voluntarily abandoned his federal § 1983 claims. Indeed, Plaintiff's briefing in support of his Motion to Substitute states "[t]he matters asserted in the Complaint and the Amended Complaint sound in tort under Alabama [l]aw and include claims of negligence, wantonness, trespass, and [ ] wrongful demolition[.]" (Doc. # 14 at 1).

After a careful examination of the remining causes of action, the court will follow the instruction of the Eleventh Circuit and decline to exercise supplemental jurisdiction over the remaining state-law claims in this case. *L.A. Draper & Son*, 735 F.2d at 427 ("[t]he discretion to entertain or dismiss the pendent state [law] claims continues throughout the proceeding.").

**III.   Conclusion**

In light of the foregoing, the court has determined that this case is due to be remanded to the Circuit Court of Jefferson County, Alabama – Bessemer Division. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this May 4, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE